MATTER OF TAKAYANAGI

In Deportation Proceedings

A–19854263

*Decided by Board February 12, 1976*

Denial of respondent's adjustment of status based on a claim to investor exemption under 8 CFR 212.8(b)(4) is affirmed on appeal in deportation proceedings since respondent's claimed investment of $10,000 is considered an attempt to circumvent the normal labor certification procedure where the investment is in shares of stock of a corporation which operates a beauty salon in which respondent had been illegally working as a hairdresser, for months, prior thereto; the investment followed unsuccessful attempts to obtain a labor certification as a hairdresser; the record shows that the investment is, at best, an adjunct to respondent's employment; that the stock shares are to be returned to the corporation upon termination of respondent's employment; that respondent has no control over his "investment"; and that he is, in fact, an ordinary employee competing with United States workers for an available position.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer, nonimmigrant visitor.

ON BEHALF OF RESPONDENT:
Elmer E. Poston, Esquire
770 Kapiolani Boulevard #514
Honolulu, Hawaii 96813

Jack Wasserman, Esquire
1707 "H" Street, N.W.
Washington, D. C. 20006

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

On March 11, 1975, an immigration judge found the respondent deportable as charged, granted him the privilege of voluntary departure, and entered an alternate deportation order, but denied the respondent's application for adjustment of status. The respondent has appealed from the denial of adjustment of status. His appeal will be dismissed.

The record relates to a single male alien, 34 years of age, a native and citizen of Japan, who entered the United States at Honolulu, Hawaii on April 15, 1971. He was classified as a nonimmigrant student and was eventually authorized to remain in the United States until December 31, 1973. He has failed to depart.

The respondent's deportability has been established by clear, convinc-

ing and unequivocal evidence. Through counsel he has also conceded his deportability.

Since December 31, 1973, the respondent has remained in this country illegally. Since that time he has also steadily worked in this country as a hairdresser, again illegally. He has never had a labor certification. Attempts to procure a labor certification for him failed.

The respondent now seeks adjustment of status as an investor claiming eligibility under the provisions of 8 CFR 212.8(b)(4). He claims to have invested $10,000 in shares of stock of Honey of Hawaii, Ltd., a corporation which operates a beauty salon in which he had been working, for months, prior to the claimed investment. Except for a letter signed by the chairman of the board of that corporation, there is no evidence that the amount of $10,000 was actually invested. The chairman of the board, who lives in Japan (Tr. p. 4), stated in that letter that the respondent was going to be issued a stock certificate under the express condition "that upon termination of his employment by the corporation for any reason whatsoever, the said shares shall be returned to the corporation and cancelled and that he shall receive the book value of said shares."

We consider the respondent's stock purchase an attempt to circumvent the normal labor certification procedure. His "investment" followed unsuccessful attempts to obtain a labor certification as a hairdresser. Under the agreement with his employer his shares of stock must be returned to the corporation upon termination of his employment.

The investor exemption should not become a means of circumventing the normal labor certification procedure for ordinary skilled or unskilled laborers, *Matter of Ahmad*, Interim Decision No. 2316 (BIA 1974). The nature of the investment must be such that it tends to guard against the possibility that the alien will compete with American labor for available skilled or unskilled positions, *Matter of Heitland*, 14 I. & N. Dec. 569 (BIA 1974). The record shows that the alleged purchase of shares of stock of Honey of Hawaii, Ltd. is, at best, an adjunct to the respondent's employment; that the shares of stock are to be returned to the corporation on the termination of his employment; that he has no control over his "investment"; and that he is, in fact, an ordinary employee competing with United States workers for an available position.

There is no merit to the respondent's contention that the immigration judge improperly considered denials of applications for a alabor certification as adverse factors. The adverse determination by the immigration judge was not based on the denial of those applications. They merely show the sequence of the respondent's attempts to find some way for remaining in the United States.

We reject the respondent's contention that a denial of his application for adjustment of status would violate the Treaty of Commerce and

Navigation between the United States and Japan. The treaty has no bearing on applications for permanent residence.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director, and that in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.